United States District Court
Southern District of Texas
**ENTERED**
December 08, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAMUEL ESCARENO, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-00419 |
| | § | |
| CETCO ENERGY SERVICES | § | |
| COMPANY, LLC; aka CETCO OILFIELD | § | |
| SERVICES COMPANY, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER REMANDING CASE

Plaintiffs filed this wrongful death action on August 20, 2015, in the County Court at Law No. 3, Nueces County, Texas. D.E. 1-5. Plaintiffs alleged negligence, negligence per se, and negligent entrustment against Defendants, based on a collision between a motorcycle and two tractor-trailers. Plaintiffs served Defendant CETCO Energy Services Company LLC a/k/a and d/b/a CETCO Oilfield Services Company LLC (CETCO) on August 31, 2015. D.E. 1-2. CETCO, with the consent of Defendant John Aaron Trahan (D.E. 1-16), timely filed its Notice of Removal (D.E. 1) on September 30, 2015.

CETCO predicates its removal on this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, alleging that Plaintiffs fraudulently joined non-diverse Defendant, Alex Jacob Alvarado (Alvarado). There is no dispute that, without Alvarado, the citizenship of the parties is diverse and the minimum amount in controversy is satisfied. Before the Court is Plaintiffs' Motion for Remand and for Sanctions (D.E. 7), arguing that CETCO cannot satisfy the heavy burden of demonstrating that Alvarado was fraudulently joined.

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. The strict construction rule arises because of "significant federalism concerns." *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

The motion to remand must be granted unless "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). CETCO argues that it has met its burden by virtue of a surveillance video recording of the collision, submitted as an exhibit with its removal and in response to the motion for remand. Plaintiffs challenge that video on the basis that it fails to include more footage prior to the collision, appears to be altered or spliced, and does not always display the counter in the top left corner showing the elapsed time on the video.

After reviewing the video and without resolving the challenges to its authenticity or accuracy (questions of fact construed in favor of the non-removing party), the Court concludes that the video, alone, does not negate any possible cause of action against Alvarado. CETCO's burden is not to show that Plaintiffs have insufficient evidence to support their claims but that the law or evidence conclusively negates any claim. *Travis v. Irby*, 326 F.3d 644, 650 (5th Cir. 2003). On this record, Plaintiffs' claims have not been negated.

For the foregoing reasons, the Court GRANTS IN PART the motion for remand and REMANDS this action to the County Court at Law No. 3, Nueces County, Texas, the court from which it was removed. The motion is DENIED IN PART with respect to plaintiffs' request for sanctions.

ORDERED this 8th day of December, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE